FORBES *v.* FORBES.

LAND CONTRACT—CONSTRUCTION.

> One who goes into possession of land under a contract by the terms of which a warranty deed thereto is executed to him, and he agrees to put the land on the market, and use due diligence to sell the same within the next year, and, if sold within that time, to pay over to the vendors all above a specified amount received for the land, and, if not sold within such time, to pay over half of what he receives therefor, cannot, after postponing the sale for several years, charge the vendors with the taxes, or with the expenses of subagents employed by him to make the sale.

Error to Allegan; Padgham, J. Submitted April 16, 1897. Decided May 11, 1897.

*Assumpsit* by John Forbes, Jr., and Henry R. Scott against William E. Forbes upon a contract for the sale of lands. From a judgment for plaintiffs, defendant brings error. Affirmed.

On January 7, 1878, plaintiffs, being the owners of some land in the State of Missouri, executed a deed of the same to the defendant, the consideration expressed therein being $2,000. The real consideration was evidenced by a contract executed by defendant to the plaintiffs on the same day, as follows:

"Know all men by these presents, that I, William E. Forbes, of Plainwell, Allegan county, and State of Michigan, am held and firmly bound unto John Forbes, Jr., and Henry R. Scott, of the same place, to fulfill the following agreement: That upon the receipt of a warranty deed from H. R. Scott for 320 acres of land in the county of Howell, State of Missouri, now owned by him, I am to pay over to the said J. Forbes and H. R. Scott $200, and that I will put the same land on the market, and use due diligence to sell the same within the next year; and, if

sold within the next year, I agree to pay over to the said J. Forbes and H. R. Scott all over $400 that I receive for said land, unless the receipts shall equal or more than equal $1,200, in which case I am to pay said J. Forbes and H. R. Scott two-thirds of the receipts. If not sold within one year, I am to pay over to the said J. Forbes and H. R. Scott one-half of what I receive for said land."

Defendant sold none of the land until 1890. On January 15th of that year, and at various times until March 2, 1895, he sold portions of the land, which, with interest to the commencement of this suit, amounted to about $854. This suit was instituted to recover the share of the purchase price belonging to the plaintiffs under this contract, and they recovered verdict and judgment for $292.93.

*Ed. J. Anderson*, for appellant.

*B. Schoonmaker*, for appellees.

GRANT, J. (*after stating the facts*). 1. Defendant insisted that there was a misjoinder of plaintiffs, and that, therefore, they could not recover. This claim was based upon evidence on the part of the defendant that plaintiffs had treated their obligations against the defendant as separate, and that Scott, by giving an order for $70 to his co-plaintiff upon the defendant, had parted with his interest in the subject-matter of the contract. The order had not been paid. Plaintiff Forbes had given his note to the defendant for $120, which defendant testified included the $70 order. Plaintiff Forbes had made certain payments upon this note. Plaintiffs positively denied this transaction, and gave evidence tending to show that the note had no connection whatever with the sale of these lands. This question was left to the jury under a fair statement by the learned circuit judge of the claims of the respective parties.

2. The court, under objection by the plaintiffs, permitted the defendant to introduce evidence of the conversations had between the parties leading up to the giving

of this deed and the contract, upon the theory that the consideration for the deed was open to parol . proof. Whether this ruling was correct, we need not determine. At the request of the defendant, the entire transaction, including the written and parol evidence, was placed before the jury; and they were instructed that if the plaintiffs agreed to pay the taxes, commissions, and expenses incurred by the defendant, or any part thereof, they should allow it. That the jury did allow some of these items is evident from the amount of their verdict. We see no error upon this branch of the case.

3. The court properly construed the written contract to mean that the plaintiffs were entitled to receive one-half the gross amount of the sales. The title was in defendant, and he could sell at any time and for any amount he chose to. Plaintiffs parted with their title, and had no control or voice in the matter. It was evidently not contemplated that defendant should employ subagents to make these sales at the expense of the plaintiffs, or postpone a sale for years, and charge the taxes against them.

All the questions were left to the jury under a very clear and fair charge.

The judgment is affirmed.

The other Justices concurred.